CHICAGO—FIRST DISTRICT—MARCH, 1917.    395

Hannibal Trust Co. of Hannibal v. Lang et al., 204 Ill. App. 395.

Hannibal Trust Company of Hannibal, Missouri, Appellee, v. N. Lang and Ida Lang, Appellants.

Gen. No. 22,020.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed March 20, 1917.

## Statement of the Case.

Action by Hannibal Trust Company of Hannibal, Missouri, a corporation, plaintiff, against N. Lang and Ida Lang, defendants, to recover upon two promissory notes. From a judgment for plaintiff on a directed verdict, defendants appeal.

The notes were executed by the defendants to the World Manufacturing & Specialty Company, a corporation engaged in the manufacture of stamp vending machines, as in part payment for such machines. They were purchased by the plaintiff prior to maturity under an agreement between it and the payee made about four months prior to the purchase whereby the plaintiff agreed to purchase such notes taken on such sales by the payee at a certain discount to the amount of $10,000, the payee to refund to the plaintiff such moneys paid for such notes in case the makers should fail to pay same at maturity or a dispute arise from any claim of the makers, collateral security being given to indemnify plaintiff against loss under the agreement. The defendant pleaded a breach of warranty, failure of and fraud in the consideration, that plaintiff held the notes only for collection and was not the real owner, and that plaintiff was not a holder in due course under section 52 of the Negotiable Instruments Act (J. & A. ¶ 7691).

RYAN, CONDON & LIVINGSTON, for appellants.

MUSGRAVE, OPPENHEIM & LEE, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 248*—*when bona fide holder of note will be protected.* The policy of the law is to protect the bona fide holder of a note transferred before maturity, although he may have received it under circumstances which would tend to arouse suspicion in an ordinarily prudent person, and even gross negligence or anything short of bad faith will not defeat his title.

2. BILLS AND NOTES, § 460*—*what is question for jury.* The question whether the holder of a note by transfer is a holder in good faith is one for the jury and not for the court.

3. BILLS AND NOTES, § 371*—*what evidence is admissible under issue whether transferee of note is holder in good faith.* Evidence to show failure of consideration of a note or that it was obtained through fraud or misrepresentation, *held* admissible under an issue as to whether the transferee of such note was a holder in good faith.

---

## Adolph J. Sabath and Harry Levinson, trading as Sabath & Levinson, Plaintiffs in Error, v. Barbara Vacek et al., Defendants in Error.

### Gen. No. 22,043.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed March 20, 1917.

## Statement of the Case.

Action by Adolph J. Sabath and Harry Levinson, trading as Sabath & Levinson, plaintiffs, against Bar-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.